IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID MEYERS, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:10-CV-1817 |
| | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| | : | |
| WARDEN R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |
| DAVID MEYERS, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:11-CV-0536 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| | : | |
| WARDEN R. MARTINEZ, | : | |
| | : | |
| Respondent | : | |

## **MEMORANDUM**

July 12, 2011

Petitioner David Meyers, a former federal inmate, initiated the above-captioned actions *pro se* by filing Petitions for Writ of Habeas Corpus under the provisions of 28 U.S.C. § 2241. At the time of filing, he was confined at the United States Penitentiary Allenwood ("USP Allenwood") in White Deer, Pennsylvania. Meyers also previously

filed a Petition for Writ of Habeas Corpus in a case filed at Civil No. 1:10-CV-2445. By Memorandum and Order dated January 18, 2011, the Petition filed in that case was consolidated with the Petition filed in the above action at Civil No. 1:10-CV-1817 (hereinafter "Consolidated Petitions"), service of the Consolidated Petitions was directed, and Respondent was directed to file an answer solely addressing Meyers' claims that he was denied due process in his disciplinary proceedings; challenging his loss of good conduct time as a sanction following disciplinary proceedings; challenging the calculation of his sentence based upon an alleged failure to credit him with good conduct time for completing educational courses and for time served in Virginia prisons; and challenging the denial of an opportunity to participate in the home detention program.  (*See Meyers v. Martinez*, Civil No. 1:10-CV-1817, Doc. 4 at 12-13 ¶ 7.)

After the Consolidated Petitions had been fully briefed by the parties and had become ripe for review, on March 22, 2011, Meyers filed a new Petition for Writ of Habeas Corpus under the above-referenced action at Civil No. 1:11-CV-0536.  Upon screening, we determined that Meyers' challenges in the newly filed Petition to the denial of RRC placement and to the BOP's failure to award adequate good conduct time related to the subject matter of his Consolidated Petitions that already had been fully briefed and were ripe for review.  Thus, for the sake of judicial economy, by

Memorandum and Order dated April 19, 2011, we construed Meyers' new Petition as a Motion to Supplement the Consolidated Petitions with his new challenges, directed the filing of the Motion on the docket at Civil No. 1:10-CV-1817 (*see* Doc. 8), granted the Motion, and directed supplementary briefing by the parties. (*See* Doc. 9.) On May 9, 2011, Respondent filed a Supplemental Response (Doc. 10), and on May 20, 2011, Meyers filed his Supplemental Reply (Doc. 11). Accordingly, all issues raised by the Consolidated Petitions and Meyers' Supplement have been fully briefed and are ripe for disposition.

On July 11, 2011, Respondent filed a Notice of Suggestion of Mootness. (Doc. 12.) Respondent represents that, as confirmed by the BOP Inmate Locator[1], on July 8, 2011, Meyers was released from BOP custody. (*See id.* n.1.) Respondent observes that, in his Petitions, Meyers requested good time credit, recalculation of his sentence, additional sentence credit, or his immediate release. (*See id.*) Respondent therefore suggests that, because the issues presented by Meyers' Consolidated Petitions and Supplement have become moot, we should dismiss the above actions that have been consolidated at Civil No. 1:10-CV-1817. For the reasons set forth below, we agree, and the action will be dismissed.

---

[1]*See* BOP Inmate Locator, available at http://www.bop.gov/iloc2/LocateInmate.jsp

**DISCUSSION**

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F. Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski,* Civil No.3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

In the instant case, as observed by Respondent, Meyers requested good time credit, recalculation of his sentence, additional sentence credit, or his immediate release. Meyers

has been released from BOP custody, and thus, his requests for relief relating to his BOP sentence are now moot. Accordingly, the Consolidated Petitions and Supplement must be dismissed for lack of case or controversy. An appropriate Order will enter.